IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COLONIAL PIPELINE COMPANY    )
                                        )
v.                                  )      No. 3-09-0745
                                          )
THOMAS & ASSOCIATES, INC.;     )
VASTLAND NASHBORO           )
DEVELOPMENT, LLC; VASTLAND   )
REALTY GROUP, LLC;[1] and WAMBLE  )
& ASSOCIATES, PLLC           )

O R D E R

Counsel for the parties called the Court on June 9, 2010, at which time the following matters were addressed:

1.      The unopposed oral motion by defendant Wamble & Associates, PLLC ("Wamble") to disclose a rebuttal expert witness to the other defendants' expert disclosures was GRANTED in part, as provided herein.

2.      As a result of leave provided to defendant Wamble to disclose a rebuttal expert witness, the plaintiff sought leave to serve rebuttal expert disclosures as well.  Over defendants' objection, that request was GRANTED in part, as provided herein.

By complaint filed August 13, 2009, the plaintiff originally named as defendants Thomas & Associates, Inc. ("Thomas"), the contractor responsible for excavation/construction activities on the property of Nashboro Village Planned Unit Development ("Nashboro Village"), Vastland Nashboro Development, LLC ("Vastland"), the owner and/or developer of Nashboro Village, and Vastland Realty Group as a result of damage to its pipeline facility.  Vastland Realty Group was dismissed as a defendant by agreed order entered March 30, 2010 (Docket Entry No. 38).

In its answer, defendant Thomas asserted the comparative fault, inter alia, of Wamble (Docket Entry No. 8).

---

[1] Vastland Realty Group, LLC was dismissed as a defendant by agreed order entered March 30, 2010 (Docket Entry No. 38).

The initial case management order entered September 22, 2009 (Docket Entry No. 18), provided deadlines for expert disclosures and discovery, specifically an April 30, 2010, deadline for the plaintiff to serve expert disclosures, a May 28, 2010, deadline for the defendants to serve expert disclosures, and a July 15, 2010, deadline for "supplements or rebuttals" to expert reports.  By order contemporaneously entered on September 22, 2009 (Docket Entry No. 19), the Court provided that, although already-identified experts could serve supplemental or rebuttal disclosures by July 15, 2010, there would be no new rebuttal expert witness disclosed after the April 30, 2010, and May 28, 2010, deadlines.  In that order, the Court provided that, if the parties' intent had not been reflected in the order, the parties could address that issue during the scheduled conference call with counsel and the Court on October 26, 2009.  During that conference call, as reflected in the order entered November 2, 2009 (Docket Entry No. 20), counsel confirmed that the September 22, 2009, order accurately reflected the parties' understanding and intent.

After the parties engaged in discovery to address the potential involvement of Wamble and in accord with the orders entered September 22, 2009, as amended by the order entered November 2, 2009 (Docket Entry Nos. 18-20), the plaintiff filed an unopposed motion to amend its complaint to add Wamble as a defendant on November 30, 2010 (Docket Entry No. 22).  That motion was granted, the amended complaint was filed on December 2, 2009 (Docket Entry No. 25), and defendant Wamble entered an appearance and filed an answer on December 18, 2009, and December 22, 2009, respectively (Docket Entry Nos. 29 and 32).  At the case management conference held on January 8, 2010, and as reflected in the order entered January 11, 2010 (Docket Entry No. 35), counsel for defendant Wamble represented that Wamble would be able to comply with all deadlines previously set in this case.

Defendant Wamble did not disclose any experts by the May 28, 2010, deadline for the defendants to serve expert disclosures.

The plaintiff did not disclose any experts on the issue of the defendants' liability, i.e., standard of care experts, by the April 30, 2010, deadline for the plaintiff to serve expert disclosures,

2

but only disclosed damages experts. Plaintiff's counsel argued that the plaintiff relied on the contractor standard of care governed by statute and that the plaintiff did not have the burden of disclosing experts on that issue and had no reason to do so at all until or unless the defendants provided expert disclosures on the standard of care. In addition, plaintiff's counsel also argued that new information had come to light during the fact discovery process relating to the plat at issue.

Since the plaintiff maintains that it was not required to disclose an expert on a contractor's standard of care and chose not to make expert disclosures on that issue, it appeared to the Court that the disclosures prompting the request of both Wamble and the plaintiff for additional time to serve rebuttal expert disclosures was the co-defendants' expert disclosures relating to the engineering standard of care.[2]  Once the co-defendants served their expert disclosures on the engineering standard of care, both Wamble and the plaintiff were left without experts on that issue.[3]  Although it was made clear that any supplemental and rebuttal expert disclosures would not be made by experts not already disclosed, the Court finds that the defendants are not significantly prejudiced[4] by allowing both Wamble and the plaintiff to make additional expert disclosures (from experts not previously identified) solely on the issue of the engineering standard of care.

3.      The plaintiff and defendant Wamble shall have until June 25, 2010, to serve rebuttal expert disclosures solely on the issue of the engineering standard of care.

---

[2]  Although defendant Wamble initially requested leave to serve rebuttal expert disclosures on both the engineering standard of care and contracting standard of care, counsel for defendant Wamble represented that he was willing to make rebuttal disclosures only on the engineering standard of care inasmuch as it is based on that standard of care that the parties assert Wamble's comparative fault.

[3]  Had the parties and the Court fleshed out with more analysis the potential expert disclosure deadlines, taking into account what the parties believed were their burdens of proof on what issues when addressing the case management order at the initial case management conference, these issues might have been avoided.

[4]  Counsel advised that permitting additional expert disclosures would not affect any dispositive motion and that, in reality, it was unlikely that any dispositive motion would be filed, although the parties may file Daubert-type motions relating to the experts.

3

4.      Defendants Thomas and Vastland shall have until July 26, 2010, to serve expert disclosures in rebuttal to these disclosures served by the plaintiff and Wamble.

The parties shall have until August 2, 2010, to serve any supplemental disclosures.  No new experts shall be permitted to author any supplemental disclosures.

5.      All expert discovery shall be completed by August 31, 2010.

6.      Except as provided herein, all scheduling deadlines provided in the orders entered September 22, 2009 (Docket Entry Nos. 18-19), as modified by the order entered November 2, 2009 (Docket Entry No. 20), including but not limited to the July 30, 2010, deadline for filing dispositive motions, remain in full force and effect.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order.  The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal.  See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.


_____
JULIET GRIFFIN
United States Magistrate Judge


4